# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
NANCY T. LORD, BAR NO. 6697.

No. 73447

FILED

DEC 20 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## *ORDER OF SUSPENSION*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that attorney Nancy T. Lord be suspended for six months and one day for violations of RPC 1.1 (competence), RPC 1.3 (diligence), RPC 1.15 (safekeeping property), RPC 3.4(c) (fairness to opposing party and counsel), RPC 3.5 (impartiality and decorum of the tribunal), RPC 8.1(b) (bar admission and disciplinary matters: failing to respond to a lawful demand for information from a disciplinary authority), RPC 8.2 (judicial and legal officials), RPC 8.4(c) (misconduct: engaging in conduct involving dishonesty, fraud, deceit or misrepresentation), and RPC 8.4(d) (misconduct: engaging in conduct prejudicial to the administration of justice). Because no briefs have been filed, this matter stands submitted for decision based on the record. SCR 105(3)(b).

The State Bar has the burden of showing by clear and convincing evidence that Lord committed the violations charged. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). Here, the charges alleged in the first complaint are deemed admitted because Lord failed to answer the complaint and a default was entered.

17 - 43936

SCR 105(2). As to the second complaint, Lord waived her right to challenge the facts and charges in exchange for bar counsel recommending that the hearing panel consolidate the two complaints and impose a six-month-and-one-day suspension for the conduct alleged in both complaints. Thus, the record establishes that Lord violated the above-referenced rules by failing to file an opening brief and appendix in this court in Docket No. 68112, despite being ordered to do so; by interrupting a criminal proceeding wherein she was the defendant, making false accusations about the judge, and causing the judge to recuse himself and continue the trial; by overdrawing her trust account on five occasions, at least four of which appear to be the result of her utilizing her trust account to pay personal expenses; and by failing to respond to the State Bar's letters of investigation.

Turning to the appropriate discipline, we review the hearing panel's recommendation de novo. SCR 105(3)(b). Although, we "must . . . exercise independent judgment," the panel's recommendation is persuasive. *In re Discipline of Schaefer*, 117 Nev. 496, 515, 25 P.3d 191, 204 (2001). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Lord violated duties owed to her clients (competence, diligence, and safekeeping property), the legal system (impartiality and decorum of the tribunal, making false statements about the integrity of a judge, and engaging in conduct prejudicial to the administration of justice), the public (engaging in conduct involving dishonesty, fraud, deceit, or

misrepresentation), and the profession (failing to respond to a lawful demand for information from a disciplinary authority). The record supports the panel's finding that Lord knowingly engaged in the misconduct as she knew that she needed to file the opening brief with this court, that the statements she made about the judge were false, and that she could not use her trust account as a personal account especially since she had been previously disciplined for doing so. Lord's misconduct harmed her client because her client's appeal was dismissed as a result of Lord's failure to file the opening brief and appendix. Additionally, the legal system was harmed because Lord's criminal case was continued as a result of her disruption and dishonest statements regarding the judge.

The baseline sanction for her misconduct, before consideration of aggravating and mitigating circumstances, is suspension. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards* Standard 4.12 (Am. Bar Ass'n 2015) (recommending suspension for knowingly improperly dealing with client's property; *id.* at Standard 4.42 ("Suspension is generally appropriate when . . . a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client."); *id.* at Standard 6.12 (recommending suspension for knowingly making false statement to the court and causing an adverse effect on the legal proceedings); *id.* at Standard 6.22 ("Suspension is generally appropriate when a lawyer . . . causes interference or potential interference with a legal proceeding."); *id.* at Standard 7.22 (providing that suspension is appropriate when a lawyer knowingly violates the rules of professional conduct causing actual or potential injury to a client, the public, or the legal system). The panel found and the record supports three aggravating circumstances (pattern of misconduct, multiple offenses, and

 

substantial experience in the practice of law) and one mitigating circumstance (personal or emotional problems). Considering all the factors, the recommended suspension is appropriate to serve the purpose of attorney discipline. *See State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (observing that the purpose of attorney discipline is to protect the public, the courts, and the legal profession, not to punish the attorney).

Accordingly, we hereby suspend attorney Nancy T. Lord from the practice of law in Nevada for a period of six months and one day commencing from the date of this order. Further, Lord shall pay the costs of the bar proceedings associated with both bar complaints, plus $2,500 in administrative costs pursuant to SCR 120, within 30 days of the date of this order. The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.

_____, C.J.
Cherry

_____, J.          _____, J.
Douglas                               Gibbons

_____, J.          _____, J.
Pickering                             Hardesty

_____, J.          _____, J.
Parraguirre                           Stiglich

cc: Chair, Southern Nevada Disciplinary Board
Nancy Lord
C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, U.S. Supreme Court

SUPREME COURT
OF
NEVADA

(O) 1947A